ORIGINAL

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

DAVID M. UHLMANN
Chief, Environmental Crimes Section
Department of Justice

JENNIFER A. WHITFIELD
Senior Trial Attorney
Department of Justice
P.O. Box 23985
Washington, DC 20004
Telephone: (202) 305-0348
Facsimile: (202) 305-0397
Email: Jennifer.Whitfield@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00113 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | Exhibits |
| | ) | |
| vs. | ) | Date: |
| | ) | Time: |
| K.S., Inc., (01) | ) | Judge: |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of

Criminal Procedure, the UNITED STATES OF AMERICA, by its

attorney, the Assistant Attorney General for the United States

Department of Justice, Environmental and Natural Resources

Division ("USDOJ-ENRD"), and the Defendant, K.S., Inc.

("Defendant"), and its attorney, Peter H. Flournoy, have agreed

upon the following:

1.   The Defendant acknowledges that it will be charged in an one-count Information with violating Title 42, United States Code, Section 7413(c)(4) and Title 18, United States Code, Section 2.

2.   The Defendant's authorized representative has read the charges against the Defendant contained in the Information, and those charges have been fully explained to the authorized representative by the Defendant's attorney.

3.   The Defendant's authorized representative fully understands the nature and elements of the crimes with which the Defendant has been charged.

4.   In regards to the violation described in the Information, the Defendant agrees to venue in the District of Hawaii and waives its right to venue in another jurisdiction or District.

5.   The Defendant, through its authorized representative, will enter a voluntary plea of guilty to the Information in the District of Hawaii. In return for entering a plea of guilty to the Information, the USDOJ-ENRD agrees not to bring any other criminal charges against the Defendant, of which it is aware of as of the date of this plea agreement, relating to the conduct described in this Agreement and in the Information.

6.    The Defendant agrees that this Memorandum of Plea Agreement("Agreement") shall be filed and become part of the record in this case.

7.    The Defendant enters its plea because it is in fact guilty of the offense set forth in the Information, and agrees that the plea is voluntary and not the result of force or threats.

8.    The Defendant understands that the penalties for the offense to which it is pleading guilty include a fine of up to $200,000 or not more than the greater of twice the gross pecuniary gain derived or loss as a result of the offense, a term of probation of not more than five years, and restitution pursuant to Title 18, United States Code, Section 3663A.  In addition, the Court must impose a $125 special assessment as to each count to which the Defendant is pleading guilty.

9.    Defendant admits to the relevant conduct described below and will acknowledge the truth at the time it enters its plea of guilty.  The parties agree that said facts, as set forth below, are sufficient to support the Defendant's conviction for the count outlined in the Information. The parties agree that the following facts are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

A.   Defendant KS, Inc., was incorporated under the laws of American Samoa in 1984. Its corporate headquarters and principal place of business is in Pago Pago, American Samoa.

B.   In or about 1998 through in or about 2000 the Defendant KS, Inc., owned and operated an ammonia business under the name KS Ammonia. Between about September 1998 and July 1999, the Defendant, d/b/a as KS Ammonia, received three shipments of cylinders containing anhydrous ammonia.  The ammonia cylinders varied in size, ranging from 150 to 2,000 pounds and were stored on a dock in Pago Pago, American Samoa.

C.   The later part of 1999 KS Ammonia went out of business and approximately one hundred and eighty cylinders were moved from the dock in Pago Pago to a location in Tafuna, American Samoa (the "site").

D.   On or about January 23, 2003, inspectors for the American Samoa Environmental Protection Agency ("ASEPA") conducted an inspection of the site and found several twenty and forty foot shipping containers that held ammonia cylinders of various sizes. Before leaving, the inspector advised the owner of the site, who was a corporate officer of Defendant KS, Inc., that it was the ASEPA's desire to have the ammonia cylinders moved as soon as possible.

E.   On or about January 27, 2003, the ASEPA issued a Warning Letter for unauthorized ammonia storage to the owner of

the site.  The letter stated, in relevant part, that a Product

Management and Leak Response Plan must be submitted to the ASEPA

for review & approval within thirty days, and proper disposal or

arrangement for the immediate off-island shipment of the ammonia

cylinders by qualified personnel would be required.

        F.   On January 30, 2003, the ASEPA delivered a letter

to the owner of the site specifically listing the requirements

for remediation of the ammonia cylinders.  The letter stated, in

pertinent part, that: (1) the owner must hire an approved ammonia

contractor to remediate the ammonia cylinders; (2) the contractor

must develop a Product Management and Leak Response Plan and the

plan must be submitted to the ASEPA and the Territorial Emergency

Management Response Coordinating Office ("TEMCO") for approval;

(3) both agencies must be notified prior to starting the approved

remediation, and; (4) the work must be conducted under the direct

supervision and oversight of the ASEPA and the TEMCO.

        G.   On or about March 19, 2003, Western Fire and

Safety ("WF&S") sent a bid to the TEMCO, with copies to the owner

of the site and to the ASEPA. WF&S proposed to dispose of about

seventy ammonia cylinders at an unusually high cost of $917,000.

        H.   By letter dated April 2, 2003, the ASEPA

authorized the owner of the site to utilize WF&S but stated that

the ASEPA must be provided with a signed copy of the contract, a

time line for work prepared by the contractor and the contractor's final plan for removal and disposal by May 1, 2003.

I.   On May 8, 2003, WF&S submitted a letter to the owner of the site raising the amount of their proposal to $1.14 million.  During an inspection of the site WF&S discovered additional cylinders in need of disposal.

J.   On or about May 2003, a corporate officer of Defendant KS, Inc., and an employee of Defendant KS, Inc., were advised by a person with experience handling ammonia, of a process by which ammonia could be vented from a cylinder using a hose and a drum of water.  The employee was directed by the corporate officer of KS, Inc., to clean up the site and purchase the material needed to vent the ammonia cylinders.  The employee eventually built three venting stations.  The stations consisted of a hose, valves, and a 55-gallon drum of water.  One end of the hose was connected to an ammonia cylinder and the other end was placed in the bottom of the drum of water.

K.   The employee began venting ammonia from the cylinders on or about May 12, 2003, stopped for about a week because of weather, and then continued venting again on or about May 20, 2003.

L.   Before the employee began venting the ammonia no one representing Defendant KS, Inc., submitted a product management and leak response plan to the ASEPA or the TEMCO as

requested by the ASEPA or otherwise advised the ASEPA or the TEMCO of its plan to vent the ammonia.

M.    By letter dated May 21, 2003, the ASEPA advise the owner of the site that the ASEPA was referring the case to the American Samoa Attorney General's office for enforcement.

N.    The morning of May 22, 2003, American Samoa Police Officers responded to a citizen complaint of a strong odor near the site.  When the police arrived at a house located on property located adjacent to the site, a woman came up to the car coughing, and complained that the odor was making her sick, and causing her and her son to cough and vomit.  The officers noted a strong irritating odor and attempted to locate the source of the odor.  Through a chain fenced they observed a man near the site wearing an air purifying respirator who was working with several cylinders.  As the police officers approached the man they directed him to close the valves on the cylinders.

O.    The American Samoa Fire Department, ASEPA, and TEMCO were notified. A Manager for the ASEPA responded to the scene, determined that there had been a release of ammonia, and ordered an evacuation of the area surrounding the site. Approximately forty people were evacuated from the area. A family living in a house adjacent to the site and several other evacuees were transported to the LBJ Tropical Hospital. The ASEPA, with the assistance of other government agencies, began plans to

conduct an emergency removal action. Defendant KS, Inc., hired an experienced local ammonia vendor to complete the removal of the ammonia cylinders.

10.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11.   This plea agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The parties recommend the following sentence:

A.   <u>Fine</u>.   Defendant shall pay a fine of Forty Thousand Dollars ($40,000) on the one count.

B.   <u>Mandatory Special Assessment</u>.   Defendant shall pay a special assessment of One Hundred Twenty Five Dollars ($125).

C.   <u>Probation</u>.   Defendant will be placed on organizational probation. The term of probation shall include but not be limited to:

(1)   Community Service:  Pursuant to USSG § 8B1.3 and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a), the Defendant agrees to perform community service, as outline in this Agreement, as a condition of probation. The Defendant understands and agrees that any

community service it provides as a result of this Agreement
is not a charitable effort and agrees that it will not
describe the community service as a charitable effort or
take any tax benefit associated with providing the community
service.

The Defendant agrees to purchase not less than Twelve
Thousand Dollars ($12,000) in respiratory equipment and
related supplies for LBJ Tropical Medical Center in Pago
Pago, American Samoa.

The Defendant also agrees to publish a public apology
in the local news paper, the *Samoa News,* acknowledging the
violation alleged in the Information. The Defendant
understands and agrees that the article must be signed by
the president of KS, Inc., on behalf of the corporation, and
that the apology must be approved by DOJ-ENRD prior to
publication.

D.    Payment of Fine and Assessment, and Completion of
Community Service. Defendant agrees that should the Court accept
the terms of this Plea Agreement, it will pay the special
assessment and the fine on the date of sentencing. The Defendant
agrees to submit the public apology to the newspaper for
publication within a week of sentencing and that the community
service to LBJ Tropical Hospital shall be completed within a
month of sentencing.

12. <u>Application of the Agreement</u>.  While the sentencing stipulations outlined above are not binding on the Court the parties agree and understand that they are binding on the parties. If the Court does not accept this Agreement, the Defendant fully understands that it shall not have the right to withdraw its guilty plea. The Defendant shall provided the DOJ-ENRD and the United States Probation Office with immediate notice of any name change, business reorganization, sale or divestiture impacting its ability to fulfil any of the terms of this Agreement in any way.  The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

13.   The Defendant is aware that it has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

The Defendant also waives its right to challenge its sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion

brought under Title 28, United States Code, Section 2255, and/or 2241.

The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty it surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and its attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on its own behalf. If the witnesses for the Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

16.  Defendant understands that by pleading guilty, it is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to defendant's representative, and the consequences of the waiver of those rights.

17.  Defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18.  It is further agreed that should the conviction following Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitation on the date of signing of this Agreement may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. The statute of limitations shall be deemed to have tolled from the date of the this Agreement to six months following the date of any non-acceptance of the Agreement by the Court. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

19.   It is further understood that this Agreement does not bind any federal, state, or local authority other than the Environmental Crimes Section of the Department of Justice.

20.   Defendant understands that the prosecution will appraise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against it, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.   No later than the day of plea the Defendant will provide the United States with appropriate documentation that certifies that it is authorized to plead guilty to the charge set forth to in the Information, and to enter and comply with all provisions of this Agreement.   The documentation shall further authorize a corporate officer to take all actions necessary to comply with the provisions of the Agreement and shall confirm that all necessary corporate formalities have been observed.

22.   The person who signs this Agreement on behalf of the Defendant certifies that the Defendant has authorized him or her to enter a plea of guilty on behalf of the Defendant, to enter into this Agreement on behalf of the Defendant, and to take all other actions necessary to effect the entry of judgment against the Defendant.

23.   This written Agreement embodies all of the
agreements and understandings between the United States and the
Defendant.  The United States has made no promise or
representations except as set forth in writing in this Agreement.
Any modification of this Agreement shall be valid only as set
forth in writing in a supplemental or revised Agreement signed by
all parties.


**AGREED:**


Dated: _December 15, 2005_           SUE ELLEN WOOLDRIDGE
                                     Assistant Attorney General


                                     BY: JENNIFER A. WHITFIELD
                                     Senior Trial Attorney


Dated: _1/11/06_                     BY: HYO PO HONG
                                     President, KS, Inc.


Dated: _12/28/05_                    PETER H. FLOURNOY
                                     Attorney for Defendant